**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UnoWeb Virtual, LLC, | |
| Plaintiff, | Civil Action No. 2:16-cv-00162-JRG |
| v. | |
| Alliance Data Systems Corporation, | Jury Trial Demanded |
| Defendant. | |

**DEFENDANT ALLIANCE DATA SYSTEMS CORPORATION'S**
**ANSWER TO PLAINTIFF UNOWEB VIRTUAL, LLC's**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Alliance Data Systems Corporation ("ADS") answers the Complaint for Patent Infringement (the "Complaint") of Plaintiff UnoWeb Virtual, LLC ("UnoWeb") as follows. Any allegations or averments not specifically admitted herein are denied.

## INTRODUCTION

1.    Denied.

2.    ADS admits that John Almeida is listed as the sole inventor of the '345, '386, '139, and '384 patents on the face of those patents. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and, therefore, denies them.

3.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, denies them.

4.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and, therefore, denies them.

5.    ADS admits that U.S. Patent App. 10/029,073 was filed by John Almeida with a

filing date in 2001 and contains the language quoted in the last sentence of this paragraph. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies them.

6.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies them.

7.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, denies them.

8.     ADS denies it infringes any patents held by UnoWeb. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and, therefore, denies them.

9.     ADS denies it infringes any patents held by UnoWeb. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and, therefore, denies them.

### UNOWEB'S LANDMARK WEB CONTENT MANAGEMENT SYSTEMS

10.     ADS admits that U.S. Patent App. 10/029,073 contains the language quoted in the last sentence of this paragraph. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and, therefore, denies them.

11.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies them.

12.     ADS admits that U.S. Patent App. 10/029,073 contains the language quoted in the second sentence of this paragraph. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and, therefore, denies them.

13.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies them.

14.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, therefore, denies them.

15.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, therefore, denies them.

16.     ADS admits that U.S. Patent App. 10/029,073 was filed by John Almeida with a filing date in December 2001 and contains the language quoted in the last three sentences of this paragraph. ADS is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 16 and, therefore, denies them.

17.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, denies them.

18.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, denies them.

19.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, therefore, denies them.

20.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, therefore, denies them.

21.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies them.

22.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, denies them.

**THE PARTIES**

3

**UNOWEB VIRTUAL, LLC**

23.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies them.

24.     ADS admits that John Almeida is listed as the sole inventor of the '345, '386, '139, and '384 patents on the face of those patents. ADS is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 24 and, therefore, denies them.

25.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, denies them.

26.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, denies them.

27.     ADS admits that the block-quoted language in this paragraph is contained in ADS's 2014 10-K. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and, therefore, denies them.

28.     Denied.

29.     Denied.

**ALLIANCE DATA SYSTEMS CORPORATION**

30.     ADS admits that it has a place of business located at 7500 Dallas Parkway, Suite 700, Plano, Texas 75024 and that it is registered to do business in the State of Texas. ADS admits that its registered agent for service of process is the Corporation Trust Company, located at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801. ADS denies any remaining allegations of paragraph 30.

31.     ADS admits that it has facilities in Texas and the Eastern District of Texas. ADS

denies any allegations of infringement. ADS admits that Epsilon Data Management, LLC stated that it conducts business in this district for purposes of the litigation in *RPost Holdings, Inc. et al v. Epsilon Data Management, LLC*. ADS denies any remaining allegations of paragraph 31.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## JURISDICTION AND VENUE

36.     ADS admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. ADS admits that this Court has subject matter jurisdiction over patent law claims provided the requirements of standing are satisfied. ADS denies any remaining allegations of paragraph 36.

37.     ADS admits that it is registered to do business in Texas. ADS does not contest that, for purposes of this case only, this Court has personal jurisdiction over ADS. ADS denies that it has committed any acts of infringement in this District or any other District. ADS denies any remaining allegations of paragraph 37.

38.     ADS admits that venue is proper under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) as to ADS. ADS admits that it is registered to do business in Texas, it has a place of business located in Texas, and it has transacted business in the Eastern District of Texas. In addition, venue may also be appropriate in another district and a motion to transfer venue may be appropriate in this case. ADS denies that it has committed acts of infringement in this District or any other District. ADS denies any remaining allegations of paragraph 38.

## TECHNOLOGY BACKGROUND

39.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, therefore, denies them.

## WEB CONTENT MANAGEMENT PATENTS

40.    ADS admits that the block-quoted language in this paragraph is contained in an Epsilon Data Management, LLC press release. ADS denies any remaining allegations of paragraph 40.

41.    ADS admits that the block-quoted language in this paragraph is contained in a Conversant, LLC press release. ADS denies any remaining allegations of paragraph 41.

42.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, therefore, denies them.

43.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, therefore, denies them.

44.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and, therefore, denies them.

45.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, therefore, denies them.

46.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and, therefore, denies them.

47.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and, therefore, denies them.

48.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and, therefore, denies them.

**1.    U.S. Patent No. 7,941,345**

49.     ADS admits that U.S. Patent No. 7,941,345 is entitled, "Method of Presenting Contents Based on a Common Relationship," and appears to have a filing date of October 31, 2007. ADS admits that the '345 patent asserts priority to December 20, 2001 and that it appears to have been initially assigned to UnoWeb. ADS admits that at least one claim of the '345 patent includes a limitation for retrieving third-party-supplied content comprising first objects. ADS is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 49 and, therefore, denies them.

50.     Allegations of paragraph 50 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 50 and, therefore, denies them.

51.     Allegations of paragraph 51 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 51 and, therefore, denies them.

52.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and, therefore, denies them.

53.     ADS admits that the quoted language in the third and fourth sentences of this paragraph is contained in the '345 patent. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 and, therefore, denies them.

54.     Allegations of paragraph 54 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have

been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 54 and, therefore, denies them.

55.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and, therefore, denies them.

56.     ADS admits that the quoted language in the last sentence of this paragraph is contained in the '345 patent. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and, therefore, denies them.

57.     ADS admits that the quoted language the last sentence of this paragraph is contained in the '345 patent. Allegations of paragraph 57 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 57 and, therefore, denies them.

58.     Allegations of paragraph 58 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 58 and, therefore, denies them.

59.     Allegations of paragraph 59 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 59 and, therefore, denies them.

60.     Allegations of paragraph 60 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have

been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 60 and, therefore, denies them.

61.     Allegations of paragraph 61 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 61 and, therefore, denies them.

62.     ADS admits that claims of the '345 patent describe "guiding means … for use in identifying related second content." ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and, therefore, denies them.

63.     ADS admits that claims of the '345 patent describe "hosting on the server computer said third-party-supplied content." Allegations of paragraph 63 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 63 and, therefore, denies them.

64.     ADS admits that the block-quoted language appears to be an accurate reproduction of language from claim 1 of the '345 patent. Allegations of paragraph 64 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 64 and, therefore, denies them.

65.     Allegations of paragraph 65 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have

been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 65 and, therefore, denies them.

66.     Allegations of paragraph 66 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 66 and, therefore, denies them.

67.     Allegations of paragraph 67 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 67 and, therefore, denies them.

68.     Allegations of paragraph 68 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 68 and, therefore, denies them.

69.     Allegations of paragraph 69 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 69 and, therefore, denies them.

70.     ADS admits that the language quoted in the last sentence of this paragraph is contained in the '345 patent. Allegations of paragraph 70 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 70 and, therefore,

denies them.

71.     Allegations of paragraph 71 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 71 and, therefore, denies them.

72.     Allegations of paragraph 72 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 72 and, therefore, denies them.

**2.      U.S. Patent No. 8,065,386**

73.     ADS admits that U.S. Patent No. 8,065,386 appears to have a filing date of October 31, 2007. ADS admits that the '386 patent asserts priority to December 20, 2001 and that it appears to have been initially assigned to UnoWeb. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and, therefore, denies them.

74.     Allegations of paragraph 74 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 74 and, therefore, denies them.

75.     ADS admits that the quoted language in the last sentence of this paragraph is contained in the '386 patent. Allegations of paragraph 75 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information

sufficient to form a belief as to the truth of such allegations of paragraph 75 and, therefore, denies them.

76.     Allegations of paragraph 76 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 76 and, therefore, denies them.

77.     Allegations of paragraph 77 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 77 and, therefore, denies them.

78.     ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 and, therefore, denies them.

79.     Allegations of paragraph 79 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 79 and, therefore, denies them.

80.     ADS admits that the language quoted in the last two sentences of this paragraph is contained in the '386 patent. Allegations of paragraph 80 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 80 and, therefore, denies them.

81.     ADS admits that the language in the last sentence of this paragraph is contained

in the '386 patent. Allegations of paragraph 81 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 81 and, therefore, denies them.

82.     Allegations of paragraph 82 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 82 and, therefore, denies them.

83.     Allegations of paragraph 83 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 83 and, therefore, denies them.

84.     Allegations of paragraph 84 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 84 and, therefore, denies them.

85.     Allegations of paragraph 85 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 85 and, therefore, denies them.

86.     ADS admits that claims of the '386 patent describe "the third-party-supplied content is hosted at the third-party's server" and "identifying a second content by finding a relationship between the second content and the object selected." Allegations of paragraph 86

address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 86 and, therefore, denies them.

87.     ADS admits that the block-quoted language appears to be an accurate reproduction of language from claim 4 of the '386 patent. Allegations of paragraph 87 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 87 and, therefore, denies them.

88.     Allegations of paragraph 88 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 88 and, therefore, denies them.

89.     Allegations of paragraph 89 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 89 and, therefore, denies them.

90.     Allegations of paragraph 90 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 90 and, therefore, denies them.

91.     ADS admits that the reproduced image of Fig. 28 is contained in the '386 patent.

Allegations of paragraph 91 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 91 and, therefore, denies them.

**INTERNET ADVERTISING PATENTS**

92.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and, therefore, denies them.

93.     ADS admits that the language quoted in the last sentence of this paragraph is contained in U.S. Patent No. 8,140,384. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and, therefore, denies them.

94.     ADS admits that the block-quoted language in this paragraph is contained in Commission Junction Data Transfer Guide V 6.0 (November 2010). ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and, therefore, denies them.

**1.      U.S. Patent No. 7,987,139**

95.     ADS admits that U.S. Patent No. 7,987,139 is entitled, "Advertising Revenue Sharing," and appears to have a filing date of July 17, 2010. ADS admits that the '139 patent asserts priority to February 21, 2007 and that it appears to have been initially assigned to UnoWeb. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 and, therefore, denies them.

96.     Allegations of paragraph 96 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have

been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 96 and, therefore, denies them.

97.     Allegations of paragraph 97 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 97 and, therefore, denies them.

98.     ADS admits that the language quoted in the last sentence of this paragraph is contained in the '139 patent. Allegations of paragraph 98 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 98 and, therefore, denies them.

99.     Allegations of paragraph 99 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 99 and, therefore, denies them.

100.     ADS admits that the language quoted in the last sentence of this paragraph is contained in the '139 patent. Allegations of paragraph 100 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 100 and, therefore, denies them.

101.     Allegations of paragraph 101 address legal conclusions properly determined by

the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 101 and, therefore, denies them.

102.    Allegations of paragraph 102 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 102 and, therefore, denies them.

103.    Allegations of paragraph 103 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 103 and, therefore, denies them.

104.    Allegations of paragraph 104 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 104 and, therefore, denies them.

105.    ADS admits that claims of the '139 patent describe a "time threshold." Allegations of paragraph 105 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 105 and, therefore, denies them.

106.    ADS admits that the block-quoted language appears to be an accurate reproduction of language from claim 2 of the '139 patent. Allegations of paragraph 106 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the

extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 106 and, therefore, denies them.

107.    Allegations of paragraph 107 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 107 and, therefore, denies them.

108.    ADS admits that the claims of the '139 patent describe "setting a maximum number of times that paid content can be displayed to a registered user," "logging-in a registered user to allow the registered user to interact with the paid content on a computer," "setting a time period before which paid content can be redisplayed to a registered user," and "totaling a number of times the paid content is displayed to the registered user." Allegations of paragraph 108 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 108 and, therefore, denies them.

109.    Allegations of paragraph 109 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 109 and, therefore, denies them.

110.    Allegations of paragraph 110 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a

belief as to the truth of such allegations of paragraph 110 and, therefore, denies them.

111.    Allegations of paragraph 111 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 111 and, therefore, denies them.

112.    Allegations of paragraph 112 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 112 and, therefore, denies them.

**2.    U.S. Patent No. 8,140,384**

113.    ADS admits that U.S. Patent No. 8,140,384 is entitled, "Advertising Revenue Sharing," and appears to have a filing date of June 9, 2011. ADS admits that the '384 patent asserts priority to February 21, 2007 and that it appears to have been initially assigned to UnoWeb. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113 and, therefore, denies them.

114.    Allegations of paragraph 114 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 114 and, therefore, denies them.

115.    ADS admits that the language quoted in the last two sentences of this paragraph is contained in the '384 patent. Allegations of paragraph 115 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information

sufficient to form a belief as to the truth of such allegations of paragraph 115 and, therefore, denies them.

116.    ADS admits that the block-quoted language in this paragraph is contained in the '384 patent. Allegations of paragraph 116 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 116 and, therefore, denies them.

117.    Allegations of paragraph 117 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 117 and, therefore, denies them.

118.    Allegations of paragraph 118 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 118 and, therefore, denies them.

119.    Allegations of paragraph 119 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 119 and, therefore, denies them.

120.    Allegations of paragraph 120 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 120 and, therefore, denies them.

121.    Allegations of paragraph 121 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 121 and, therefore, denies them.

122.    ADS admits that the block-quoted language in this paragraph appears to be an accurate reproduction of language from claim 7 of the '384 patent. Allegations of paragraph 122 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 122 and, therefore, denies them.

123.    Allegations of paragraph 123 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 123 and, therefore, denies them.

124.    Allegations of paragraph 124 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 124 and, therefore, denies them.

125.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 and, therefore, denies them.

126.    Allegations of paragraph 126 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a

belief as to the truth of such allegations of paragraph 126 and, therefore, denies them.

127.    Allegations of paragraph 127 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 127 and, therefore, denies them.

128.    Allegations of paragraph 128 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 128 and, therefore, denies them.

129.    Allegations of paragraph 129 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 129 and, therefore, denies them.

130.    Allegations of paragraph 130 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 130 and, therefore, denies them.

131.    ADS admits that the reproduced image of Fig. 1 is contained in the '384 patent. Allegations of paragraph 131 address legal conclusions properly determined by the Court that ADS can neither admit nor deny. To the extent that any factual allegations have been made in this paragraph, ADS is without knowledge or information sufficient to form a belief as to the truth of such allegations of paragraph 131 and, therefore, denies them.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 7,941,345

132.    ADS restates and incorporates by reference its answers in paragraphs 1 through 131.

133.    Denied.

134.    Denied.

135.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135 as to the CJ Affiliate product and, therefore, denies them.

136.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136 as to the CJ Affiliate product and, therefore, denies them.

137.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137 as to the CJ Affiliate product and, therefore, denies them.

138.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 as to the CJ Affiliate product and, therefore, denies them.

139.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 139.

140.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 140.

141.    ADS is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 141 as to the CJ Affiliate product and, therefore, denies them.

142.    ADS admits that the block-quoted language in this paragraph is contained at the identified URL. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 as to the CJ Affiliate product and, therefore, denies them.

143.    ADS admits that the block-quoted language at the end of this paragraph is contained within the Data Transfer Guide Advertiser Product Data V 6.0. ADS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 143 as to the CJ Affiliate product and, therefore, denies them.

144.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 as to the CJ Affiliate product and, therefore, denies them.

145.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145 as to the CJ Affiliate product and, therefore, denies them.

146.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 146.

147.    Denied.

148.    Denied.

149.    Denied.

150.    ADS admits that it received service of the Complaint, including the '345 patent,

on February 25, 2016. ADS denies the remaining allegations of paragraph 150.

151.    Denied.

152.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 and, therefore, denies them.

153.    Denied.

154.    Denied.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,065,386

155.    ADS restates and incorporates by reference its answers in paragraphs 1 through 154.

156.    Denied.

157.    Denied.

158.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 as to the CJ Affiliate product and, therefore, denies them.

159.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 as to the CJ Affiliate product and, therefore, denies them.

160.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 as to the CJ Affiliate product and, therefore, denies them.

161.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 as to the CJ Affiliate product and, therefore, denies them.

162.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 162.

163.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 163.

164.     ADS admits that the block-quoted language in this paragraph is contained at the identified URL. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 as to the CJ Affiliate product and, therefore, denies them.

165.     ADS admits that the block-quoted language in this paragraph is contained at the identified URL. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 as to the CJ Affiliate product and, therefore, denies them.

166.     ADS admits that the block-quoted language at the end of this paragraph is contained within the Data Transfer Guide Advertiser Product Data V 6.0. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 as to the CJ Affiliate product and, therefore, denies them.

167.     ADS admits that the image at the end of this paragraph is contained within the Data Transfer Guide Advertiser Product Data V 6.0. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 as to the CJ Affiliate product and, therefore, denies them.

168.     ADS admits that the block-quoted language in this paragraph is contained at the

identified URL. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 as to the CJ Affiliate product and, therefore, denies them.

169.    ADS admits that the block-quoted language at the end of this paragraph is contained within the Data Transfer Guide Advertiser Product Data V 6.0. ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 as to the CJ Affiliate product and, therefore, denies them.

170.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 as to the CJ Affiliate product and, therefore, denies them.

171.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 as to the CJ Affiliate product and, therefore, denies them.

172.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 as to the CJ Affiliate product and, therefore, denies them.

173.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 as to the CJ Affiliate product and, therefore, denies them.

174.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174 as to the CJ Affiliate product and, therefore, denies them.

175.    ADS is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 175 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 175.

176.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 176.

177.     Denied.

178.     Denied.

179.     Denied.

180.     ADS admits that it received service of the Complaint, including the '386 patent, on February 25, 2016. ADS denies any remaining allegations of paragraph 180.

181.     Denied.

182.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 182 and, therefore, denies them.

183.     Denied.

184.     Denied.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,987,139

185.     ADS restates and incorporates by reference its answers in paragraphs 1 through 184.

186.     Denied.

187.     Denied.

188.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 as to the CJ Affiliate product and, therefore, denies them.

189.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 as to the CJ Affiliate product and, therefore, denies them.

190.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190 as to the CJ Affiliate product and, therefore, denies them.

191.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 as to the CJ Affiliate product and, therefore, denies them.

192.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192 as to the CJ Affiliate product and, therefore, denies them.

193.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 193.

194.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194 as to the CJ Affiliate product and, therefore, denies them.

195.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 195.

196.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196 as to the CJ Affiliate product and, therefore, denies

them. ADS denies the remaining allegations of paragraph 196.

197.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 as to the CJ Affiliate product and, therefore, denies them.

198.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198 as to the CJ Affiliate product and, therefore, denies them.

199.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 199.

200.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 200.

201.    Denied.

202.    Denied.

203.    Denied.

204.    ADS admits that it received service of the Complaint, including the '139 patent, on February 25, 2016. ADS denies any remaining allegations of paragraph 204.

205.    Denied.

206.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206 and, therefore, denies them.

207.    Denied.

208.    Denied.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,140,384

209.    ADS restates and incorporates by reference its answers in paragraphs 1 through 208.

210.    Denied.

211.    Denied.

212.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212 as to the CJ Affiliate product and, therefore, denies them.

213.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 213 as to the CJ Affiliate product and, therefore, denies them.

214.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214 as to the CJ Affiliate product and, therefore, denies them.

215.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215 as to the CJ Affiliate product and, therefore, denies them.

216.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 216 as to the CJ Affiliate product and, therefore, denies them.

217.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 217.

218.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 218 as to the CJ Affiliate product and, therefore, denies them.

219.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 219.

220.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 220 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 220.

221.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 221 as to the CJ Affiliate product and, therefore, denies them.

222.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 222 as to the CJ Affiliate product and, therefore, denies them.

223.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 223 as to the CJ Affiliate product and, therefore, denies them.

224.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224 as to the CJ Affiliate product and, therefore, denies them. ADS denies the remaining allegations of paragraph 224.

225.     ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 225 as to the CJ Affiliate product and, therefore, denies

them. ADS denies the remaining allegations of paragraph 225.

226.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 226 as to the CJ Affiliate product and, therefore, denies them.

227.    Denied.

228.    Denied.

229.    Denied.

230.    ADS admits that it received service of the Complaint, including the '384 patent, on February 25, 2016. ADS denies any remaining allegations of paragraph 230.

231.    Denied.

232.    ADS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232 and, therefore, denies them.

233.    Denied.

234.    Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by UnoWeb to which no response is required. ADS denies that UnoWeb is entitled to any of the requested relief and denies all allegations.

## JURY TRIAL DEMANDED

This paragraph sets forth a demand for a jury to which no response is required.

## DEFENSES

Subject to the responses above, ADS alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, ADS specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST DEFENSE
(Non-Infringement)

1.    ADS does not infringe and has not infringed (not directly, indirectly, contributory, by inducement, willfully, or otherwise) any valid, enforceable claim of the '345, '386, '139, and '384 patents either literally or under the doctrine of equivalents.

### SECOND DEFENSE
(Invalidity)

2.    The claims of the '345, '386, '139, and '384 patents are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including sections 101, 102, 103, and 112.

### THIRD DEFENSE
(Waiver, Laches, Limitations, Unclean Hands, Estoppel)

3.    The claims of the '345, '386, '139, and '384 patents are unenforceable as asserted, in whole or in part, by the doctrine of waiver, laches, limitations, unclean hands, and/or estoppel.

### FOURTH DEFENSE
(No Injunctive Relief)

4.    UnoWeb cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

### FIFTH DEFENSE
(Limitation on Damages)

5.    UnoWeb's requested relief is barred or otherwise limited as provided for in 35

U.S.C. §§ 286, 287.

## SIXTH DEFENSE
(Limitation on Costs)

6.      UnoWeb's requested relief is barred or otherwise limited as provided for in 35

U.S.C. § 288.

## SEVENTH DEFENSE
(License and Exhaustion)

7.      To the extent that UnoWeb has licensed or otherwise exhausted its rights and

remedies as to products or services that are accused, ADS is not liable to UnoWeb for any

alleged acts of infringement related to such products or services.

## EIGHTH DEFENSE
(Cannot Prove Exceptional Case)

8.      UnoWeb cannot prove that this is an exceptional case justifying the award of

attorney fees against ADS pursuant to 35 U.S.C. § 285.

## NINTH DEFENSE
(No Double Recovery)

9.      UnoWeb's requests for relief are barred or otherwise limited by restrictions on

double recovery.

## TENTH DEFENSE
(Failure to State a Claim)

10.     UnoWeb fails to state a claim upon which relief can be granted.

## ELEVENTH DEFENSE
(Prosecution History Estoppel)

11.     UnoWeb is estopped from asserting infringement of the claims of the '345, '386,

'139, and '384 patents by application of the doctrine of equivalents because of admissions or

statements made to the United States Patent and Trademark Office during the prosecution

and/or reexamination of the applications leading to the issues of the '345, '386, '139, and '384 patents or applications (including their foreign patent applications) related thereto.

## TWELFTH DEFENSE
### (Extraterritoriality)

12.    UnoWeb's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside of the United States.

## THIRTEENTH DEFENSE
### (Failure to Join a Necessary Party)

13.    UnoWeb failed to join the correct party that makes, uses, sells, offers for sale, and/or imports the product and system UnoWeb accuses of infringement, and thus, UnoWeb's claims should be dismissed.

## RESERVATION OF RIGHTS

ADS has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available. ADS reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through clarification of UnoWeb claims, through discovery, or through further legal analysis of UnoWeb claims and positions in this litigation.

## COUNTERCLAIMS

ADS, for its Counterclaims against Plaintiff and upon information and belief, states as follows:

## THE PARTIES

1.    Defendant Alliance Data Systems Corporation ("ADS") is a corporation organized and existing under the law of the state of Delaware, with an office located at 7500

Dallas Parkway, Suite 700, Plano, Texas 75024.

2.      According to the Complaint, Plaintiff UnoWeb Virtual, LLC is a Texas company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

3.       Subject to ADS's defenses and denials, ADS alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

4.      This Court has personal jurisdiction over Plaintiff.

## FACTUAL BACKGROUND

5.      In its Complaint, Plaintiff asserts that ADS has infringed U.S. Patent No. 7,941,345 (the "'345 patent"), U.S. Patent No. 8,065,386 (the "'386 patent"), U.S. Patent No. 7,987,139 (the "'139 patent"), and U.S. Patent No. 8,140,384 (the "'384 patent") (collectively, the "Asserted Patents").

6.      Plaintiff has wrongfully alleged that ADS makes, sells, offers to sell, imports, and/or uses CJ Affiliate.

7.      The claims of the Asserted Patents are invalid and/or have not been, and are not being, infringed by ADS, directly or indirectly.

8.      Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the Asserted Patents.

## COUNT ONE
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,941,345)

9.      ADS restates and incorporates by reference its allegations in paragraphs 1 through 8 of the Counterclaims.

10.      An actual case or controversy exists between ADS and Plaintiff as to whether the

'345 patent is not infringed by ADS.

11.    A judicial declaration is necessary and appropriate so that ADS may ascertain its rights regarding the '345 patent.

12.    ADS has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '345 patent, either literally of under the doctrine of equivalents.

13.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**COUNT TWO**
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,941,345)

14.    ADS restates and incorporates by reference its allegations in paragraphs 1 through 13 of the Counterclaims.

15.    An actual case or controversy exists between ADS and Plaintiff as to whether the '345 patent is invalid.

16.    A judicial declaration is necessary and appropriate so that ADS may ascertain its rights as to whether the '345 patent is invalid.

17.    The '345 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

18.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**COUNT THREE**
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,065,386)

19.    ADS restates and incorporates by reference its allegations in paragraphs 1

through 18 of the Counterclaims.

20.     An actual case or controversy exists between ADS and Plaintiff as to whether the '386 patent is not infringed by ADS.

21.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights regarding the '386 patent.

22.     ADS has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '386 patent, either literally of under the doctrine of equivalents.

23.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT FOUR
(Declaratory Judgment of Invalidity of U.S. Patent No. 8,065,386)

24.     ADS restates and incorporates by reference its allegations in paragraphs 1 through 23 of the Counterclaims.

25.     An actual case or controversy exists between ADS and Plaintiff as to whether the '386 patent is invalid.

26.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights as to whether the '386 patent is invalid.

27.     The '386 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

28.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts states in this Counterclaim.

### COUNT FIVE

(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,987,139)

29.     ADS restates and incorporates by reference its allegations in paragraphs 1 through 28 of the Counterclaims.

30.     An actual case or controversy exists between ADS and Plaintiff as to whether the '139 patent is not infringed by ADS.

31.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights regarding the '139 patent.

32.     ADS has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claims of the '139 patent, either literally of under the doctrine of equivalents.

33.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**COUNT SIX**
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,987,139)

34.     ADS restates and incorporates by reference its allegations in paragraphs 1 through 33 of the Counterclaims.

35.     An actual case or controversy exists between ADS and Plaintiff as to whether the '139 patent is invalid.

36.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights as to whether the '139 patent is invalid.

37.     The '139 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including sections 101, 102, 103, and 112.

38.     This is an exceptional case under 35 U.S.C. § 285 including without limitation

because Plaintiff filed its Complaint with knowledge of the facts states in this Counterclaim.

## COUNT SEVEN
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,140,384)

39.     ADS restates and incorporates by reference its allegations in paragraphs 1 through 38 of the Counterclaims.

40.     An actual case or controversy exists between ADS and Plaintiff as to whether the '384 patent is not infringed by ADS.

41.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights regarding the '384 patent.

42.     ADS has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claims of the '384 patent, either literally of under the doctrine of equivalents.

43.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT EIGHT
(Declaratory Judgment of Invalidity of U.S. Patent No. 8,140,384)

44.     ADS restates and incorporates by reference its allegations in paragraphs 1 through 43 of the Counterclaims.

45.     An actual case or controversy exists between ADS and Plaintiff as to whether the '384 patent is invalid.

46.     A judicial declaration is necessary and appropriate so that ADS may ascertain its rights as to whether the '384 patent is invalid.

47.     The '384 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including

sections 101, 102, 103, and 112.

48.      This is an exceptional case under 35 U.S.C. § 386 including without limitation because Plaintiff filed its Complaint with knowledge of the facts states in this Counterclaim.

## PRAYER FOR RELIEF

ADS respectfully prays for the following relief:

a.      A judgment dismissing UnoWeb's Complaint against ADS with prejudice;

b.      A judgment in favor of ADS;

c.      A judgment that ADS has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '345, '386, '139, and '384 patents;

d.      A judgment that the claims of the '345, '386, '139, and '384 patents are invalid and unenforceable;

e.      An award to ADS for the amount of damages as proven at trial;

f.      An order that this case is exceptional and an award to ADS of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

g.      A judgment limiting or barring UnoWeb's ability to enforce the '345, '386, '139, and '384 patents in equity; and

h.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, ADS respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 2, 2016

Respectfully submitted,

*/s/ Michael Simons*

Michael Simons
Texas State Bar No. 24008042
msimons@akingump.com
Jonathan Hardt
Texas State Bar No. 24039906
jhardt@akingump.com
Mario A. Apreotesi
Texas State Bar No. 24080772
mapreotesi@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
600 Congress Avenue, Suite 1350
Austin, Texas 78701
Telephone: 512.449.6200
Facsimile: 512.499.6290

Charles Everingham IV
Texas State Bar No. 00787447
ceveringham@akingump.com
Akin Gump Strauss Hauer & Feld LLP
Austin Bank Building
911 West Loop 281, Suite 412
Longview, Texas  75604
Telephone:  903.297.7400
Facsimile:  903.297.7402

T.J. Gohn
Texas State Bar No. 24097742
tgohn@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2743
Facsimile: 214.969.4343

*Attorneys for Alliance Data Systems Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of May, 2016, with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Michael Simons*
Michael Simons